UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD VINCENT MAYES,

Plaintiff,

v.

FRASIHER, et al.,

Defendants.

No. 2: 18-cv-2347 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Correctional Counselor Frasiher, Lieutenant Linman, Lieutenant Banks, Correctional Counselor Heslop, Lieutenant Borga, Captain Green, Captain Ladson, Dr. Kolbinki, Dr. Sorrenson, Dr. Sign, Dr. Edgar and Dr. Argorowal. (ECF No. 1 at 2.) Plaintiff alleges that all defendants are employed at the California Health Care Facility ("CHCF").

The complaint contains no allegations against defendants Linman, Banks, Heslop, Borga, Sign and Edgar.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

3

(no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff has failed to link defendants Linman, Banks, Heslop, Borga, Sign and Edgar to the alleged deprivations, these defendants are dismissed with leave to amend.

Plaintiff alleges that defendants Kolbinki and Sorrenson falsified documents which resulted in his transfer away from the CHCF.  Plaintiff alleges that defendant Kolbinki falsified a document stating that she performed a development disability test on plaintiff which lowered plaintiff's DPP classification from DD-2-2 to DD-1.  As a result of the reclassification, CHCF officials transferred plaintiff to R. J. Donovan Correctional Facility ("RJDCF").  Plaintiff alleges that defendant Sorrenson also filled out paperwork falsely claiming that she performed the developmental disability test on plaintiff.  Plaintiff alleges that following his transfer to RJDCF, he was assaulted and required brain surgery.

In order to evaluate plaintiff's claims against defendants Kolbinki and Sorrenson, the undersigned first describes a "DPP" classification.  The Armstrong Remedial Plan is a remedial order issued in Armstrong v. Davis, C No. 94–cv-2307–CW, by the District Court for the Northern District of California to enjoin practices that discriminate against disabled inmates in California prisons.  See generally Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001), abrogated on other grounds by Johnson v. California, 543 U.S. 499, 504-05 (2005); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (affirming order requiring submission of remedial plan for compliance by CDCR with ADA, 42 U.S.C. §§ 12131–34, and Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, in California prisons).

As identified in the Armstrong Remedial Plan, the Disability Placement Program ("DPP") is the set of California Department of Corrections and Rehabilitation ("CDCR") plans, policies, and procedures to assure nondiscrimination against inmates with disabilities, and to ensure that

4

| | |
|---|---|
| 1 | inmate housing and programming are reasonable and appropriate in a manner consistent with |
| 2 | CDCR policy. See Polley v. Davis, 2018 WL 4352958 at *5 (N.D. Cal. 2018.) |

Turning to plaintiff's claims, the legal grounds of plaintiff's claims against defendants Kolbinki and Sorrenson are unclear. For the reasons stated herein, the undersigned finds that plaintiff has not stated a potentially colorable Eighth Amendment claim against these defendants.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "A prison official is deliberately indifferent to a substantial risk of serious harm to inmates if that official is subjectively aware of the risk and does nothing to prevent the resulting harm." Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001) (citing Farmer, 511 U.S. at 828-29). To be subjectively aware of a risk, the prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Farmer, 511 U.S. at 837. Further, plaintiff must allege that, objectively, "he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834.

Plaintiff may be claiming that defendants violated the Eighth Amendment when they allegedly falsified the results of his developmental disability test so that he could be transferred to a different prison. While plaintiff alleges that he was assaulted following his transfer to RJDCF, plaintiff does not describe the risk of harm he faced at RJDCF as a result of his reclassification. For these reasons, the undersigned cannot determine whether plaintiff has stated a potentially colorable Eighth Amendment claim. If plaintiff files an amended complaint, he must discuss why his reclassification from DD-2-2 to DD-1 was inappropriate. Plaintiff must also discuss why RJDCF was not an appropriate prison to house a plaintiff classified as DD-2-2, i.e., his alleged appropriate classification. In other words, plaintiff must address why an inmate with a D-2-2 classification was more likely to be assaulted at RJDCF.

Plaintiff may be alleging a violation of the Americans with Disabilities Act ("ADA") based on his alleged improper disability related classification.[1] Title II of the ADA provides that

---

[1] While plaintiff may be a member of the Armstrong class, his claim for damages is not barred. See Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996) (noting that individual suits by class

5

"no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a violation of Title II of ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination on the part of the public entity. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998) ("compensatory damages are not available under Title II...absent a showing of discriminatory intent").

Moreover, the ADA applies only to public entitles, and not individuals. See Lovell, 303 F.3d at 1052; see also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA").

With respect to an ADA claim for damages, plaintiff does not name proper defendants. In addition, plaintiff does not allege that his alleged improper classification caused him to be excluded from a service, program or activity based on his disability. For these reasons, plaintiff has not stated a potentially colorable ADA claim.

Plaintiff alleges that defendant Frasiher coerced the doctors in two buildings to lower plaintiff's classification so that they could transfer plaintiff to RJDCF. Plaintiff does not allege how defendant Frasiher coerced the other doctors to lower plaintiff's classification. The claim against defendant Frasiher does not contain "sufficient factual matter" to make the alleged claim at least plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009.) Moreover, as discussed above, plaintiff has not stated potentially colorable Eighth Amendment or ADA claims based on his transfer to RJDCF. For these reasons, defendant Frasiher is dismissed with leave to amend.

---

members for damages are not barred).

6

Plaintiff alleges that Correctional Officers McTaggry and Cassessa, and thirteen others, assaulted plaintiff in his cell and took his personal property. When plaintiff reported the assault to defendant Green, verbally and in writing, defendant Green failed to respond.

Plaintiff reported the assault to the classification committee. Defendant Sorrenson, a member of the classification committee, allegedly stated that he did not care if plaintiff wanted to talk to him. He told plaintiff to make a "fucking appointment." Defendant Ladson, also a member of the classification committee, told plaintiff that "I will deal with it." Defendant Ladson dealt with plaintiff's report of the assault by placing plaintiff in administrative segregation ("ad seg"). Shortly after that, plaintiff twice attempted suicide.

Plaintiff appears to claim that defendants Green and Sorrenson failed to investigate his claims of assault. The alleged failure to investigate occurred after the assault and did not contribute to the assault. In addition, there is no constitutional right to require prison officials to investigate an inmate's complaints. See Manzanillo v. Jacquez, 555 Fed.Appx. 651, 653 (9th Cir. 2014) (finding that the "district court properly granted summary judgment on Manzanillo's claim alleging that defendants failed adequately to investigate his excessive force claims in violation of prison policy because that alleged failure does not constitute a violation of a federal right"); Dixon v. Oleachea, 2016 WL 3538367 at *5 (E.D. Cal. 2016) (stating that "a prisoner has no constitutional right to obtain an official investigation upon request.") (citing Barkey v. Reinke, 2010 WL 3893897, at *13 (D. Idaho 2010)); Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. 2006) (finding that "Plaintiff's allegations that defendants failed to accurately report and document the November 23, 2002 incident simply do not give rise to a claim for relief under federal law, due process, equal protection or otherwise" as Plaintiff does not have a constitutionally protected right to any particular documentation or investigation.). For these reasons, the alleged failure of defendants Green and Sorrenson to investigate plaintiff's claims of assault does not state a potentially colorable claim for relief.

Plaintiff suggests that defendant Ladson wrongly placed him in ad seg after he reported the alleged assault by prison staff. A decision to segregate an inmate for administrative reasons must be supported by "some evidence." Toussaint v. McCarthy, 801 F.2d 1080, 1105-06 (9th

Cir. 1986).

The undersigned cannot determine whether plaintiff has stated a potentially colorable due process claim against defendant Ladson for placing plaintiff in ad seg after plaintiff reported the assault. It appears that defendant Ladson may have placed plaintiff in ad seg for plaintiff's own safety. Accordingly, plaintiff's due process claim is dismissed with leave to amend. If plaintiff files an amended complaint, plaintiff shall address the reasons defendant Ladson gave plaintiff for placing him in ad seg and the length of time he was held in ad seg. Plaintiff shall also address why his placement in ad seg following the report of the assault was inappropriate.

Plaintiff may also be claiming that defendant Ladson placed him in ad seg in retaliation for reporting the alleged assault. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

As discussed above, it appears likely that defendant Ladson placed plaintiff in ad seg following the report of the alleged assault for plaintiff's own safety. In other words, placing plaintiff in ad seg advanced a legitimate correctional goal. For these reasons, plaintiff's retaliation claim is dismissed with leave to amend. If plaintiff files an amended complaint, he shall address the reasons defendant Ladson gave for placing him in ad seg.

Plaintiff alleges that he twice attempted suicide while housed in ad seg. Holding inmates with serious mental illness in prolonged isolated confinement may violate the Eighth Amendment. See Coleman v. Brown, 938 F.Supp.2d 955, 979 (E.D. Ca. 2013). Plaintiff has not plead sufficient facts in support of an Eighth Amendment claim. Plaintiff does not directly allege that he suffers from a mental illness. Plaintiff also does not describe the length of time he was held in ad seg. Plaintiff also does not name any prison official responsible for his continued detention in ad seg. For these reasons, plaintiff's Eighth Amendment claim is dismissed with leave to amend.

Plaintiff alleges that on July 15, 2018, he was called to defendant Argorowal's office. Defendant Argorowal told plaintiff that if he (plaintiff) made a complaint against custody, then defendant Argorowal would have him transferred. These allegations state a potentially colorable retaliation claim against defendant Argorowal.

Plaintiff's complaint includes several allegations against individuals not named as defendants. The undersigned does not address these allegations because plaintiff has not clearly identified these individuals as defendants.

While plaintiff has stated potentially colorable retaliation claim against defendant Argoworal, plaintiff's complaint contains an incomplete demand for relief. (See ECF No. 1 at 3.) Plaintiff states that he is seeking injunctive relief in the form of an order preventing prison officials from transferring him again. (Id.) Plaintiff also requests that he be evaluated by an outside doctor for surgery. (Id.) Plaintiff directs the court to section "IV" of the complaint for a continuation of his claim for relief. (Id.) However, the undersigned cannot locate section "IV" of the complaint. Thus, the complaint contains an incomplete demand for relief. See Fed. R. Civ. P. 8(a)(3) (a complaint must contain a demand for the relief sought). For this reason, the complaint is dismissed with leave to amend.

In addition, the named defendants are located at CHCF. Court records indicate that plaintiff is now housed at California State Prison-Lancaster ("CSP-Lan"). Thus, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action, i.e. prison officials at CSP-Lan. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). On this ground, plaintiff's complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he shall clarify his claim for relief, including whether he seeks money damages.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants

9

have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including

many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 13, 2018

May2347.14(kc)

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RICHARD VINCENT MAYES, | No. 2: 18-cv-2347 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| FRASIHER, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint
DATED:

_____
Plaintiff