UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VINCENT MAYES,<br><br>Plaintiff,<br><br>v.<br><br>FRASIHER, et al.,<br><br>Defendants. | No. 2:18-cv-2347 TLN KJN P<br><br><br><br>ORDER |

By order filed November 13, 2018, plaintiff's complaint was dismissed and thirty days leave to file an amended complaint was granted. (ECF No. 13.) Thirty days passed and plaintiff did not file an amended complaint. Accordingly, on January 4, 2019, the undersigned recommended that this action be dismissed. (ECF No. 19.)

On January 14, 2019, plaintiff filed a second motion for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1

legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff alleges that he suffers from mental illness and cognitive deficit. While the undersigned is sympathetic to these alleged conditions, the undersigned does not find exceptional circumstances warranting appointment of counsel. Accordingly, the motion for appointment of counsel is denied. However, plaintiff will be granted one final opportunity to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice;

2. The January 4, 2019 findings and recommendations (ECF No. 19) are vacated;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action.

Dated: January 31, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

maye2347.31(2)